[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried at Norwalk, Connecticut on July 10, 1971. The plaintiff has resided continuously in this state since 1980. There are two children issue of the marriage, both of whom have reached their majority. The evidence clearly indicates that this marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The plaintiff is 44 years old and the defendant is age 43. Both did not indicate any health problems and are gainfully employed. The court concludes from the evidence that the plaintiff must bear the major responsibility for the breakdown of this marriage.
The court has considered the criteria set forth in Connecticut General Statutes, Sections 46b-62, 46b-81 and 46b-82 in reaching the decisions reflected in the orders that follow.
The following orders may enter.
(1) The plaintiff shall pay to the defendant as periodic alimony the sum of two hundred twenty five ($225) dollars per week. The payments shall commence on November 14, 1994 and continue weekly thereafter until the death of either party or the defendant's remarriage, whichever event first occurs. A contingent wage withholding order may enter.
The plaintiff's request for a retroactive pendente lite alimony order is denied.
(2) For as long as the plaintiff is obligated to pay periodic alimony to the defendant, the plaintiff shall name the defendant as beneficiary of all life insurance benefits available to the plaintiff through his employment. If the coverage ever exceeds $100,000, the plaintiff may request the court to review the order.
(3) The plaintiff shall pay to the defendant as lump sum alimony the sum of three thousand ($3,000) dollars. This payment shall be made promptly. This award is intended to be in the nature of further support of the defendant to assist her in relocating to new housing.
(4) The defendant is awarded the 1990 Chevrolet automobile she operates subject to any outstanding loan, which shall be her sole obligation. The defendant is awarded the bank accounts, retirement CT Page 11388 fund and personal property listed on her financial affidavit dated November 2, 1994.
(5) The plaintiff is awarded the collectibles and deferred compensation plans listed on his financial affidavit dated November 3, 1994.
(6) The plaintiff shall be solely responsible for the payment of all the liabilities listed on his financial affidavit dated November 3, 1994. They include the loan from the plaintiff's parents, the Discover cards, Visa, J.C. Penney, Sears and Bradlees. The plaintiff shall indemnify and hold the defendant harmless from any liability thereon.
This indemnification order is in the nature of support for the defendant to permit her to attempt to meet her financial obligations.
(7) Each party shall pay her or his own attorney's fees.
(8) The defendant's maiden name of Wempe is ordered restored.
Second Count of Defendant's Cross Complaint.
The court reserved decision as to whether it would dismiss the second count of the defendant's cross complaint. It has decided to proceed, because there was no apparent strong objections by the plaintiff and it would serve judicial economy to resolve all outstanding issues between the parties at this time.
The court finds that the defendant has sustained her burden of proof. Judgment may enter for the defendant on the second count of her cross complaint.
The defendant is awarded attorney's fees in the amount of five hundred ($500) dollars.
Judgment may enter accordingly.
NOVACK, J. CT Page 11389